**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:03CR48**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| BRUNO INIGUEZ-VILLAVICENCIO (4), ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Withdraw Counsel,"

filed October 21, 2005, and "Motion for Transcripts," filed October 28, 2005.

On May 4, 2005, Defendant pled guilty to Count One in the Superceding Bill of

Indictment, which charged Defendant with conspiracy to possess with intent to distribute cocaine

and methamphetamine, in violation of 21 U.S.C. § 846.  On October 11, 2005, this Court

sentenced Defendant to 120 months imprisonment.  Judgment was entered on November 8, 2005.

Prior to the entry of Judgment, however, Defendant filed a *pro se* Notice of Appeal.

A.      **Motion to Withdraw Counsel**

Defendant now asks the Court to remove Richard Culler as his attorney.  In support of his

Motion, Defendant advises the Court that he intends to raise an ineffective assistance of counsel

claim in his appeal.  Since Defendant has filed a Notice of Appeal, this Court does not have

jurisdiction to rule on Defendant's "Motion to Withdraw Counsel."  Rather, the United States

Court of Appeals for the Fourth Circuit is vested with the jurisdiction to rule on Defendant's

Motion and to appoint substitute counsel for appellate purposes.  *See* Fed. R. Crim. P. 44(b)

(stating "[f]ederal law and local court rules govern the procedure for implementing the right to

1

counsel"); *see also* U.S. Ct. App. 4ᵀᴴ Cir., Rule 46(d) (noting "[i]n every appeal in which appointment of counsel is mandated . . . counsel is appointed upon the docketing of the appeal without prior notice to the attorney who represented the indigent in the case below"); U.S. Ct. App. 4ᵀᴴ Cir. Appendix 2, Section II (1) (stating "[e]very appointment of counsel pursuant to the Criminal Justice Act and this Plan shall be made by an order of *this court*") (emphasis added). Consequently, a copy of Defendant's "Motion to Withdraw Counsel" and a copy of this Order will be forwarded to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit will determine whether Richard Culler should be relieved of his representation of Defendant.

**B.     Motion for Transcripts**

Defendant asks the Court for copies of the transcripts from his sentencing hearing and plea hearing.  Although Defendant does not advise the Court the purpose for these transcripts, the Court presumes that Defendant intends to use such transcripts for his ineffective assistance of counsel claim.

Transcripts are provided to indigent prisoners in proceedings brought under 28 U.S.C. § 2255, ". . . if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  28 U.S.C. § 753(f).  Thus, prior to requesting a copy of his sentencing transcript or plea transcript, Defendant would first need to present his issues under Section 2255 to the Court, and then the Court will decide if a transcript is necessary to decide the issues before it.  *See United States v. MacCollom*, 426 U.S. 317 (1976).

Defendant is advised, however, that in 1996, Congress passed the Antiterrorism and

2

Effective Death Penalty Act which amended Section 2255 to add a one-year limitation period. In relevant part, Section 2255 now provides that "[t]he limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final ; (2) the date on which impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Since this case is currently pending before the United States Court of Appeals for the Fourth Circuit, judgment has not yet been entered and this Court does not have jurisdiction to review a Section 2255 motion. If Defendant does not receive the relief sought in his appeal, he may file a motion for ineffective assistance of counsel pursuant to 28 U.S.C. § 2255 with this Court and the Court will determine at that time whether the requested transcripts are necessary to decide the issues presented in the motion.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Withdraw Counsel is hereby **DENIED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Defendant's Motion for Transcripts is hereby **DENIED**.

**The Clerk is directed to send copies of Defendant's Motion to Withdraw Counsel and a copy of this Order to the United States Court of Appeals for the Fourth Circuit.**

3

The Clerk is further directed to send copies of this Order to Defense Counsel, Defendant, and the United States Attorney.

Signed: February 10, 2006

Richard L. Voorhees
Chief United States District Judge

4