IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08cv44-V-2
(5:03cr48-4-V)


BRUNO INIGUEZ-VILLAVICENCIO,    )
                                )
            Petitioner,         )
                                )
            v.                  )            O R D E R
                                )
UNITED STATES OF AMERICA,       )
                                )
            Respondent.         )
_____)


**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255.  For the reasons stated below, Petitioner's Motion to Vacate will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 29, 2004, a Superceding Bill of Indictment was filed charging Petitioner (along with 28 others) with conspiring to possess with intent to distribute five kilograms or more of cocaine, 500 grams or more of methamphetamine and 1,000 kilograms or more of marijuana, all in violation of 21 U.S.C. §§ 841 and 846 (Count One), conspiring to import the same quantities of cocaine, methamphetamine and marijuana, all in violation of 21 U.S.C. §§ 963, 960(a) and 960(b)(2)(B)(ii) (Count Two), and conspiring to commit money laundering, in violation of 18 U.S.C.

1

§ 1956(h)(Count Three).  At his arraignment proceeding, Peti-

tioner pled "not guilty" to the charges and requested a jury

trial.

However, on May 4, 2005 -- after jury selection had begun,

Petitioner entered into a written Plea Agreement with the Govern-

ment.  Among other matters, the parties' Agreement contains

Petitioner's promise to plead guilty to Count One in exchange for

the Government's promise to dismiss the remaining charges.  The

Agreement also reflects Petitioner's acknowledgment that he was

facing a statutory mandatory minimum term of no fewer than 10

years and no more than life imprisonment.

As for his specific conduct, the Agreement contains the

parties' stipulation that Petitioner could be held accountable

for in excess of 3.5 kilograms but less than 5 kilograms of

cocaine and in excess of 1,000 kilograms but less than 3,000

kilograms of marijuana; and that Petitioner's corresponding Base

Offense Level was 32.  Of particular relevance here, the parties'

Agreement reports Petitioner's intention to argue for a Safety

Valve reduction under 18 U.S.C. § 3553(f)(2)through 4 and U.S.

Sentencing Guidelines § 5C1.2(2) through 4.

The Court held Petitioner's Plea and Rule 11 Hearing on May

4, 2005.  During that proceeding, the Court engaged Petitioner in

a lengthy colloquy to ensure that his guilty plea was being in-

telligently and voluntarily made.  By his sworn responses to the

Court's numerous questions, Petitioner established that he had received a copy of the Indictment and had discussed the document with counsel, and he understood the Court's explanation of the charges and their elements. Moreover, Petitioner's answers established that he understood that he was facing a statutory minimum mandatory term of 10 years up to life imprisonment; that no one knew exactly what his sentence would be and his attorney had only been able to give him his best estimate of what that sentence might be; that the sentence which he ultimately received might have been different from any estimate which his attorney may have given him and which the prosecutor may have promised to recommend for him; that his attorney was not in a position to promise him or guarantee any particular sentence; and that if he were sentenced to a term which was more severe than he expected or more than any estimate which he had received, he still would have been bound by his guilty plea.

Petitioner's answers further established that he had taken enough time to discuss possible defenses with counsel; that he was tendering a guilty plea because he, in fact, was guilty of the subject offense; that, other than the terms of his Plea Agreement, no one had made him any promises of leniency or a light sentence to induce his guilty pleas; that no one had threatened, intimidated, or otherwise forced him into pleading guilty; and that he was satisfied with the services of his

3

attorney.  Thus, at the conclusion of that proceeding, the Court accepted Petitioner's guilty plea.

Next, on October 11, 2005, the Court conducted Petitioner's Factual Basis and Sentencing Hearing.  At the outset of that proceeding, the Court addressed defense counsel's argument that Petitioner's criminal history score over-represented the seriousness of his criminal history because he was being assessed with one point for having sustained a conviction for using offensive words in public and with two points for having committed the instant offense during the three-year term of summary probation he was serving for that prior minor conviction.  However, the Court rejected counsel's arguments finding that Petitioner's criminal history properly had been scored.

The Court further found that Petitioner was not eligible for a downward departure or a downward variance.  Moreover, the Court found that even though the parties' Plea Agreement provided that the Government would not oppose such a reduction if the Court determined it to be applicable, Petitioner was not eligible for a Safety Valve reduction because he had three criminal history points.  Thus, the Court determined that Petitioner's total Offense Level was 29, his Criminal History Category was II and his corresponding Guidelines sentencing range was 120 to 121 months.

During his allocution, Petitioner apologized for his con-

duct explaining that he had turned himself in because he knew he would be caught, and he took full responsibility for his actions. Petitioner also asked the Court to consider a number of factors-- including his age, background, relatively clean criminal history, the limited role which he played in the offense and the fact that he likely will be deported following his release from prison-- and sentence him below the Guidelines range. Ultimately, the Court sentenced Petitioner to the statutory mandatory minimum term of 10 years imprisonment. Petitioner timely gave his Notice of Appeal.

On appeal at the Fourth Circuit Court of Appeals, Petitioner first argued that this Court failed to establish an adequate factual basis to support his guilty plea. United States v. Villavicencio, 217 Fed. App'x 265, 266 (4th Cir. 2007) (unpub-lished). However, the Court of Appeals rejected Petitioner's claim concluding that the record contained his numerous admis-sions along with certain stipulations in his Plea Agreement, all of which were sufficient to establish a factual basis for his guilty plea. Id. at 266.

Petitioner also argued that this Court erred in determining that the three criminal history points which he received in con-nection with his prior "offensive words" conviction made him ineligible for a Safety Valve reduction and in failing, under United States v. Booker, 543 U.S. 220 (2005), to impose a

sentence below the statutory mandatory minimum. Id. at 266-67. Again, however, the Circuit Court ruled against Petitioner finding that his sentence was correctly calculated and that Booker had made the Guidelines advisory but had "not alter[ed] the mandatory nature of statutorily required minimum sentences." Id. at 267.

Last, Petitioner argued that his trial counsel was ineffective for having advised him to plead guilty and at sentencing. The appellate Court did not reach the merits of that claim, however, because no evidence of any such ineffectiveness was conclusively apparent from the record. Id. Accordingly, Petitioner's conviction and sentence were affirmed. Id.

Now, by the instant Motion to Vacate Petitioner first claims that this Court improperly concluded that he was ineligible for a Safety Valve reduction and imposed a 10-year sentence, thereby resulting in a fundamental miscarriage of justice. Second, Petitioner claims that his attorney was ineffective for having failed to protect him from having his prior conviction included in his criminal history calculations and for having failed to advise him that he was ineligible for a Safety Valve reduction and subject to a 10-year mandatory minimum term.

## II.  ANALYSIS

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed promptly to examine

6

motions to vacate, along with "any attached exhibits and the
record of prior proceedings . . ." in order to determine whether
a petitioner is entitled to any relief.  The Court has conducted
such a review and determined that Petitioner is not entitled to
any relief on his claims; thus, neither a response from the
government nor a hearing is required in this matter.

### A. Petitioner's challenge to his sentence is procedurally barred.

By his first claim, Petitioner is attempting to re-hash his
appellate argument, essentially claiming that this Court erred in
refusing to apply a Safety Valve reduction and in sentencing him
to a statutory mandatory minimum 10-year sentence.  However, as
was previously noted, the Court of Appeals already has found that
Petitioner's sentence was correct in that his prior conviction
properly was scored and included in his Guidelines calculations.
Villavicencio, 217 Fed. App'x at 265-66.  Thus, in the absence of
a favorable, intervening change in the law which can be applied
on collateral review, Petitioner simply is not free to re-
litigate claims which already were rejected on direct review.
Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v.
United States, 537 F.2d 1182 (4th Cir. 1976).

Although Petitioner now is attempting to ground this claim
in the new argument that his sentence represents a fundamental
miscarriage of justice, such argument falls far short of direct-
ing the Court's attention to any intervening change in the law

which would authorize him to reassert his claim.  Therefore, Petitioner's first claim is procedurally barred.

### B. __Petitioner's claim of ineffective assistance is baseless__.

By his remaining claim, Petitioner alleges that he was subjected to ineffective assistance of counsel in that counsel failed to protect him from having his prior conviction included in his criminal history calculations, and to advise him that he was ineligible for a Safety Valve reduction and subject to 10-year mandatory minimum term.

With respect to claims of ineffective assistance of counsel, Petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, __and__ that he was prejudiced thereby.  __Strickland v. Washington__, 466 U.S. 668, 687-91 (1984).  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. __Id__. at 689; __see also__ __Fields v. Attorney Gen. of Md.__, 956 F.2d 1290, 1297-99 (4th Cir.), __cert. denied__, 474 U.S. 865 (1985); __Hutchins v. Garrison__, 724 F.2d 1425, 1430-31 (4th Cir. 1983), __cert. denied__, 464 U.S. 1065 (1984); __and__ __Marzullo v. Maryland__, 561 F.2d 540 (4th Cir. 1977), __cert. denied__, 435 U.S. 1011 (1978).

Under these circumstances, Petitioner "bears the burden of proving __Strickland__ prejudice." __Fields__, 956 F.2d at 1297, __citing__

Hutchins, 724 F.2d at 1430-31.  If Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong."  Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697.

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different.  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999).  Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"  Id., quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

More critically, inasmuch as Petitioner has alleged ineffective assistance of counsel following the entry of his guilty plea, he has a different burden to meet.  See Hill v. Lockhart, 474 U.S. at 53-59; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988).  The Fourth Circuit described a petitioner's burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction
> entered after a guilty plea, [the] "prejudice
> prong of the [Strickland] test is slightly
> modified.  Such a defendant must show that
> there is a reasonable probability that, but
> for counsel's errors, he would not have

> <u>pleaded guilty and would have insisted on</u>
> <u>going to trial</u>."

<u>Hooper</u>, 845 F.2d at 475 (emphasis added); <u>accord</u> <u>Hill v. Lock-</u>
<u>hart</u>, 474 U.S. at 59-60; <u>and</u> <u>Fields</u>, 956 F.2d at 1297.  Criti-
cally, however, if a petitioner fails to meet his burden of
demonstrating prejudice, a "reviewing court need not consider the
performance prong."  <u>Fields</u>, 956 F.2d at 1290, <u>citing</u> <u>Strickland</u>,
466 U.S. at 697.

Thus, "the central inquiry" is whether, but for counsel's
alleged errors, this Petitioner would have insisted on a trial.
<u>Slavek v. Kinkle</u>, 359 F.Supp.2d 473, 491 (E.D. Va. 2005) (sum-
marily rejecting claims of ineffectiveness on prejudice prong
based on petitioner's failure and inability to argue that but for
alleged errors, he would have insisted on trial or entered a
different guilty plea).  Courts have stated that this inquiry is
an "objective one based on whether going to trial might reasona-
bly have resulted in a different outcome."  <u>Martin v. United</u>
<u>States</u>, 395 F. Supp. 2d 326, 329 (D. S.C. 2005).  <u>See also</u> <u>Beck</u>
<u>v. Angelone</u>, 261 F.3d 377, 396 (4th Cir. 2001) (finding that in
light of overwhelming evidence of guilt and lack of available
defenses, petitioner could not establish prejudice under the
modified "reasonable probability" standard); <u>and</u> <u>Burket v.</u>
<u>Angelone</u>, 208 F.3d 172, 190-91 (4th Cir. 2000) (same).

Turning back to the record, as an initial matter the Court
reiterates that during his Plea and Rule 11 Hearing, Petitioner

10

swore that he understood that he was facing the 10-year statutory
mandatory minimum term and no one had made him any promises of
lenience or of a light sentence in order to induce his guilty
pleas. Likewise, Petitioner swore that he understood that his
sentence could not be determined until after his Pre-Sentence
Report was completed and any estimate from any source, including
counsel, merely was an approximation and not a promise.

In addition, Petitioner's Plea Agreement reflects his
intention to argue for a Safety Valve reduction but makes no
mention of any promises from anyone that he, in fact, would
receive it. Further, during Petitioner's sentencing proceeding,
trial counsel told the Court that Petitioner's Plea Agreement had
been negotiated "on the hopes that he would get the safety valve"
reduction and no one had promised him a reduction, yet Petitioner
did not take issue with counsel's representation when he addres-
sed the Court in his own behalf. Therefore, on this record,
Petitioner cannot establish that counsel actually made any
statements or promises upon which he detrimentally relied.

Moreover, while the Court is aware that Petitioner has as-
serted that but for counsel's alleged ineffectiveness, he would
have pled "not guilty" and proceeded to trial, such assertion is
highly suspect in light of the facts of this case. That is,
Petitioner does not claim that he is innocent of the instant
offenses. Nor has Petitioner bothered to point the Court to any

11

evidence which counsel could have presented in order to secure an
acquittal.

On the other hand, the record shows that Petitioner was
charged in a 29-defendant Indictment with three separate vio-
lations of federal law, two of which exposed him to 10-year
statutory minimum mandatory terms and to advisory Guidelines
terms which exceed that 10-year minimum.  Thus, even if the
Government had "little evidence against [Petitioner]," as he now
argues, there simply was no guarantee that one or more of his 28
co-defendants would not have cooperated against him and given
damaging testimony in a trial.  However, by having pled guilty,
Petitioner was able to sustain a single conviction, stipulate to
involvement with less than the total amount of drugs which were
alleged in the Indictment, secure certain offense level reduc-
tions and receive a lower sentence than the term to which he
otherwise was exposed.  Thus, the Court finds that it was quite
reasonable for Petitioner to have pled guilty in an effort to
secure a lower sentence for himself.

Finally, Petitioner argues that trial counsel failed to
protect him from the consequences of his prior conviction.  More
specifically, Petitioner claims that counsel should have peti-
tioned the California court for early termination, nunc pro tunc,
of the probationary sentence which he was serving for his
"offensive words" conviction so that he would not have been

12

assessed with any criminal history points for that matter. Never-theless, Petitioner has failed to direct the Court to any authority -- and the Court is not aware of any legal precedent -- which supports his underlying premise that the Sixth Amendment requires an attorney who has been appointed to represent a de-fendant on federal charges in one district to collaterally attack or otherwise seek to terminate a conviction which previously was sustained in a state court in a different jurisdiction in order to reduce his client's potential sentencing exposure. According-ly, on this record Petitioner cannot establish that counsel even was deficient.

### III. CONCLUSION

The Court has considered Petitioner's Motion, the entire record of this matter and the relevant legal precedent, and has found that Petitioner is not entitled to any relief on his claims.

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED.**

**SO ORDERED.**

Signed: June 6, 2008

_Richard L. Voorhees_
Richard L. Voorhees
United States District Judge